CLERK - FILE COPY

GARY S. HANN, pro se
Adversary Plaintiff
yraqnnah@gmail.com
(175 Butterfield - NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

```
┌─────────────────────────┐
│         FILED           │
│                         │
│      JAN 15 2021        │
│                         │
│ CLERK U.S. BANKRUPTCY COURT │
│ CENTRAL DISTRICT OF CALIFORNIA │
│ BY:            Deputy Clerk │
└─────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S.<br><br>          Debtor.<br>_____<br><br>GARY S. HANN,<br><br>          ADVERSARY PLAINTIFF,<br><br>          VS.<br><br>J. CEDRIC SIMPSON; RICHARD E. CONLIN; KIRK W. TABBEY, ALL AS INDIVIDUALS; JAMES A. FINK; AND FINK & FINK PLLC,<br><br>          Defendants. | Case No. 6:14-bk-22067-MW<br><br>Chapter 7<br><br><br>Adv. No. _____<br><br><br>COMPLAINT UNDER THIS COURT'S EXCLUSIVE JURISDICTION OVER CORE PROCEEDINGS, FOR INJUNCTIVE AND DECLARATORY RELIEF, FOR DETERMINATION AND CANCELLATION OF WRONGFUL INSTRUMENTS, FOR RELIEF FROM WRONGFUL TAKINGS OF EXEMPT ASSETS, AND FOR TURNOVER OF $12,000 IN MONIES AND/OR VALUE WRONGFULLY TAKEN, FRBP 7001 (1, 2, 7, 9); 11 U.S.C. SECTION 157; 362; 542(A, E); 550; ALSO FOR VIOLATION OF DISCHARGE INJUNCTIONS, 11 U.S.C. SECTIONS 524; 727(B). |

1

(STATUS CONFERENCE AND/OR
HEARING DATE TO BE SET BY
SUMMONS)

JURY TRIAL DEMANDED

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

Now comes Intervenor of Right, Adversary Plaintiff and 100% Disabled Retiree-Debtor Gary S. Hann ("Hann"), who demands a jury trial and who deposes and says as follows:

**BANKRUPTCY RULE 7008(a) and LBR 7008-1 STATEMENT**

1.   This is a core proceeding by Intervenor of Right, Adversary Plaintiff and Debtor Hann ("Hann"),  Pursuant to the provisions of 28 U.S.C. Section 157, and to FRBP 7008, Hann does not consent to entry of final orders by the Bankruptcy Court.  And demands a District Civil Court Jury Trial after pre-trial matters are concluded by this Bankruptcy Court.

**JURISDICTIONAL STATEMENT**

2.  District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). This matter is entirely a core proceeding, because it depends on the Bankruptcy

2

Code for its existence, and could not be brought in another court, 11 U.S.C. Section 157(b)(2)(E, F, I, K); FRBP 7001.

3.  In re Tallerico, 532 B.R. 774 (2015):

"Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. An objection to a claim of exemption, a proceeding to avoid the fixing of a lien, and a request for an order to turn over property of the estate are all core proceedings that a bankruptcy judge may hear and determine as of right. 28 U.S.C. §§ 157(b)(2)(B), (E) & (K)".

4.  The jurisdiction of bankruptcy courts is nationwide. From the United States Department of Justice Manual, No. 188 – BANKRUPTCY JURISDICTION – PERSONAL JURISDICTION:

"1. Because of nationwide service of process authorized by Fed. R. Bankr. P. 7004(d), the minimum contacts doctrine does not apply in bankruptcy proceedings at least with respect to defendant residents of the United States. B.W. Dev. Co. v. John B. Pike & Son, Inc., 49 B.R. 129, 131-32 (Bankr. W.D. Ky. 1985); accord Pongetti v. Laws (In re Self), 51 B.R. 683, 685 (Bankr. N.D. Miss. 1985)".

5.  It is long settled that all partners in a law firm are responsible, under vicarious liability, for wrongful actions or inactions of the partnership, by reason of their relationship to the lead attorney in a specific action, as here.

## PREAMBLE AND STANDING

6.  Intervenor of Right, Adversary Plaintiff and Debtor Gary S. Hann ("Hann") is a 100% disabled retiree, sole owner, funder

and beneficiary of the "Exempt Hann Roth IRA and/or successors"
(properly and formally titled: Equity Trust Co. Custodian FBO Gary
S. Hann IRA).

7. To establish standing, a Plaintiff must establish injury,
causation and redressability. Injury requires a Plaintiff to show
that it:

> "Has sustained or is immediately in danger of sustaining
> some direct injury as the result of the challenged
> official conduct and the injury or threat of injury must
> be both real and immediate, not conjectural or
> hypothetical."

8. Intervenor of Right, Adversary Plaintiff and Debtor Hann
("Hann") has standing to bring this adversary action for injunctive
relief, declaratory relief, determination of the extent and
priority of the Court's Certified Orders on Avoidance of Real
Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit
A, cancellation of instruments, and wrongful taking of $12,000 in
value, plus costs. *In re Wagabaza*, Case No. 6:07-bk-17151-MJ,
Adversary No. 6:17-ap-01117-MJ United States Bankruptcy Court,
C.D. California, Riverside Division. February 9, 2018.

> "These claims for relief are similar in their factual
> and legal predicate and from this court's perspective,
> a ruling for Debtor on any one of them would compel a
> ruling for Debtor on the others".

4

9.   Pursuant to the Court's jurisdiction of this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(I), Hann is the sole beneficiary of the Exempt Hann Roth IRA and/or successors which is now in a position as Creditor for sums, wrongfully and fraudulently taken, that belonged to it pursuant to the Court's discharge injunction on 01/12/2015, Docket No. 12.  The Exempt Hann Roth IRA and/or successors was abandoned by the Trustee pursuant to its NDR Report on 11/06/2014 and to the closing of the initial case on 09/21/15.  *In re Jensen-Ames*, Bankruptcy No. 10-14185, Adversary No. 10-01684, United States Bankruptcy Court, W.D. Washington, Seattle. March 30, 2011.

> "In this case, Equity Trust Company, as custodian for plaintiffs' IRAs, was the party to each of the relevant agreements at issue.

> "The agreements, however, expressly indicate that Equity Trust Company is operating for the benefit of (e.g. "fbo") both John Gelber and Terry Smith. Therefore, **_the Court finds that John Gelber and Terry Smith were the express and intended third-party beneficiaries of the agreements. As such, the plaintiffs have a right to sue to enforce the terms of the agreements._**

> "Because the plaintiffs have such a right, which arose prior to the filing of Ms. Jensen-Ames' bankruptcy, they have a "right to payment" sufficient to support a claim in bankruptcy, thereby making each a creditor. As creditors, plaintiffs have standing to pursue their complaint to determine the dischargeability of the debt".

10.   Hann may properly defend his wholly owned Gary S. Hann Exempt Roth Individual Retirement Account because he is Intervenor

of Right, and per *Appollinari v. Johnson*, 104 Mich.App. 673 (1981):
" . where the trustee .. refuses or neglects to bring suit, the beneficiary may sue in equity".

11.    Intervenor of Right, Adversary Plaintiff and Debtor, Hann is also a person aggrieved, because he has a substantial pecuniary interest in a securely funded retirement; Congress has always expressly declared the intent that retirement funds be reserved for retirement.

12.    Debtor Hann has fully met the qualifications and standards that he be designated Intervenor of Right pursuant to Fed.R.Civ.P. Rule 24, Fed.R.Bankr.P. 7024, based on his detailed pleading, Docket No. 47, and has been so designated by the Court as Intervenor of Right.

13.    Hann brings this action without improper purpose, in good faith and in sincere belief that the claims made are correct, meritorious and predicated on a firm legal foundation, and therefore deserving of full consideration.

14.    Hann further avers that statements of fact herein are true and accurate to the best of his information, knowledge and belief, and that he is fully competent to testify thereto.

15.    Hann has made extraordinary, multiple efforts on the record to request relief from Defendants; state court remedies are

6

unavailable or woefully inadequate to remedy the deprivations and violations for which he seeks relief.

16.   Hann respectfully requests that this Honorable Court not reject this matter for technical or procedural reasons, but rather that this Court either correct such deficiencies sua sponte, or permit Hann to make such minor technical or procedural changes as may be found from time to time. *Haines v. Kerner*, 404 US 519, 520, 92 S.Ct. 594, 596 (1972).

17.   Hann additionally respectfully reminds the Court, and requests, that he be given any reasonable latitude in accordance with, and as has been mandated by, federal decisions and practice. *Castro v. US*, US No. 02-6683, 124 S.Ct. 786 (2003); *Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999), *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**VENUE**

18.   Venue is appropriately in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) because Debtor Hann resides in Riverside County, CA and filed his petition for relief in this Court, and because all the Exempt Hann Roth IRA and/or successors Owned assets of Hann's IRA is intangible personal property, situated in this District where Owner Gary S. Hann resides, pursuant to the Michigan Court of Appeals decision on IRAs in *Macatawa Bank v. Wipperfurth*,

294 Mich.App. 617 (2011) ("*the situs of intangible [IRA] assets is the domicile of the owner unless fixed by some positive law.*")

19. Venue is further appropriate because Intervenor of Right, Debtor and Exempt Hann Roth IRA Beneficiary Hann is a 100% disabled retiree, and would not be able to make numerous difficult trips of about 4,600 miles round trip to any Michigan Court for routine hearings. Debtor Hann expects that Defendants will retain Central District of California counsel and also, that this matter will in all likelihood not come to trial, but will be settled, either on the face of the pleadings by summary disposition, or by an agreement between the parties.

**GENERAL ALLEGATIONS APPLICABLE THROUGHOUT; *ROOKER-FELDMAN***

20. This adversary proceeding has six claims for relief, all turning on the factual background described in the Facts Section: (1) Injunctive relief against Defendant's enforcement of its claims against Hann and against the Exempt Hann Roth IRA and/or successors;

(2) Declaratory relief, for a declaration that Defendants Simpson et al. had no claim against Hann or against the Exempt Hann Roth IRA and/or successor's monies, because their judicial liens, Addendum 2, were extinguished by this Court's Certified Order on

Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit A;

(3) Determination of the extent, priority and validity of the Simpson judicial liens such that the Simpson judicial liens, Addendum 2, were void and all instruments recorded under the said Simpson judicial liens were void, 11 U.S.C. Section 157(b)(2)(K);

(4) For cancellation of wrongfully recorded instruments, 11 U.S.C. Section 157(b)(2)(F); and

(5) For wrongful collection of $12,000 of Hann's and the Exempt Hann Roth IRA and/or successors's monies under their voided Simpson judicial liens, Addendum 2.

(6) For determination of the liability of the parties under 11 U.S.C. Section 550, for immediate turnover of the fraudulently taken $12,000, for costs of about $1,000, each compounded monthly at 15% from the date of the petition for relief, 09/27/2012, to the present pursuant to 11 U.S.C. Sections 157(b)(2)(E); 542 (a, e); 550.

　　21. The *Rooker-Feldman* doctrine has no application here. Hann is not seeking to have the bankruptcy court review the merits of the state court judgment; rather, he is attempting to prevent the bankruptcy court from giving effect to the judicial liens which resulted from the state court judgment.

　　"***This claim is not barred by Rooker-Feldman because it***

9

***does not invite the bankruptcy court to review the state court's handiwork.*** Although it is true that Isaacs's initial adversary complaint generally asks for relief from the state-court judgment, this particular claim does not call for "appellate review" of that judgment because the bankruptcy court could hold for Isaacs on this claim without finding any error in the state court's judgment whatsoever. . . . Thus, in entering its foreclosure judgment, the state court determined only whether the lien attached; . . .

This means that the bankruptcy court could accept the state court's judgment as completely correct when entered, yet still rule for Isaacs on the ground that the lien was never perfected. ***No Rooker-Feldman problem is presented, then, because the bankruptcy court need not review the state court's judgment at all.*** The Supreme Court has emphasized that *Rooker-Feldman* is "a narrow doctrine, confined to `cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517); see also *Skinner v. Switzer*, 562 U.S. 521, 531-32, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011)." 895 F.3d 904 (2018). *IN RE: Linda S. ISAACS, Debtor. Linda S. Isaacs, Plaintiff-Appellant, v. DBI-ASG Coinvestor Fund, III, LLC, Defendant-Appellee.* United States Court of Appeals, Sixth Circuit. Argued: January 24, 2018. Decided and Filed: July 18, 2018.

22. The use of the term "Without Jurisdiction" herein means a knowing, on the settled record, facial failure of a court to follow the laws and procedures regarding the limits of its authority.

23. The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens,

and or attachments, means that the court lacked lawful authority and/or jurisdiction to adjudicate or grant relief in the matter.

24. Hann alleges all elements of Unjust Enrichment, pursuant to the terms of 11 U.S.C. Section 550, against Defendants Simpson et al., those being: 1) An Enrichment; 2) An Impoverishment; 3) A Connection Between the Enrichment and the Impoverishment; 4) Absence of a Justification for the Enrichment and Impoverishment; and 5) An Absence of a Remedy provided by the Law; it would be inequitable or unconscionable for the defendant to enjoy the benefit without lawfully gaining it.

25. Debtor Hann may recover under § 550 on account of a transfer avoided under § 522(h) as either a judicial lien or a non-possessory, nonpurchase-money security interest under § 522(f), which recovery is preserved for the benefit of the debtor to the extent of the debtor's exemption, which in this case is unlimited. 11 U.S.C. §§ 522(i) & 550; cf. *Goswami v. MTC Distrib.* (*In re Goswami*), 304 B.R. 386, 390-91 (9th Cir. BAP 2003)(§ 522(f) elements).

### RECITATION OF INDISPUTABLE FACTS

26. "Equity Trust Co. Custodian FBO Gary S. Hann IRA" is Debtor's Hann's real estate Exempt Roth Individual Retirement Account.

27. It is well settled that void proceedings and actions may be challenged at any time and in any forum; the *Rooker-Feldman*

Doctrine is inapplicable when no review is sought of the actual state court proceedings and actions, which were void as of the date of filing for an order of relief. Rather, affirmation of the facial record as it applies to the Simpson judicial liens, Addendum 2, is sought from this Court. *Fritts v. Krugh*, 354 Mich. 97 (1958):

> ". . . . A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by habeas corpus). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years [354 Mich. 124] later, when the memories may have grown dim and rights long been regarded as vested any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been. It is no answer to say that such things cannot happen in a modern society . . . . it is to this very situation that it is proposed to apply the most devastating weapon in the entire legal armory, the doctrine of lack of jurisdiction, of complete invalidity, of nullity".

28.  All judicial lien collection proceedings, which took place after 09/27/2014, were void for complete lack of bankruptcy court and/or trustee leave to proceed.

29.  The non-entity "Equity Trust Co. Custodian FBO Gary S. Hann IRA" is the nominal legal name of Debtor Hann's real estate Exempt Roth Individual Retirement Account ("Exempt Hann Roth IRA and/or successors"), held by a passive Custodian in Elyria, Ohio; the Custodian makes no decisions whatever regarding the Exempt Hann Roth IRA and/or successors, but only follows the legal directives of Gary S. Hann, the Exempt Hann Roth IRA and/or successors's Sole Funder and Beneficiary.

30.  Debtor Hann's Exempt Roth IRA is a self-directed Individual Retirement Account trust formed and regulated under 26 U.S.C. Sections 408 and 408A of the IRS Code "for the exclusive benefit of an individual", being intangible personal property of Gary S. Hann ("Hann"), a California resident.

31.   On 02/01/2012 and 04/01/2014, Defendants Simpson et al., by and through Defendants James A. Fink and Fink & Fink, recorded judicial liens ("Simpson judicial liens"), Addendum 2, against Debtor Hann and against Exempt Hann Roth IRA and/or successors.

32.   On 09/27/2014, Debtor Hann filed the instant Chapter 7 Bankruptcy Petition, invoking the Bankruptcy Court's exclusive jurisdiction over all Debtor Hann's assets.

33.   At the time of petition for relief, all of Gary S. Hann's property, "wherever located and by whomever held", became property of the Bankruptcy Estate under the sole jurisdiction of this Court and ownership by Trustee Anderson.   11 U.S.C. Section 541(a).

34.   The Simpson judicial liens, Addendum 2, were declared "void and unenforceable" as of the filing date, 09/27/2014, Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 - Exhibit A, and all their $12,000 in debts were mandated to be brought only the bankruptcy court as unsecured, non-priority claims; the Simpson judicial liens no longer existed.

35.   At the moment Hann filed for Chapter 7 bankruptcy, there was therefore no debt, and consequently, there was no claim.  Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 - Exhibit A.

> "Section 524 specifies that the discharge voids any preexisting judgment and case law holds that an act in violation of the discharge injunction is void. *In re Gurrola*, 328 B.R. at 171. **Since the existence of an obligation is necessary to creation of a lien. [Any] assertion [of debt] is void under §524 and everything that flows therefrom is also void**" *Wagabaza*, supra.

36.   On 01/13/2015, Hann served the Court's Discharge Order, Docket No. 12, on Defendant James A. Fink, Addendum 1 - Exhibit B, with a demand that he remove the Simpson judicial liens, Addendum 2; Defendant Fink adamantly refused and repeatedly continued to refuse to obey the orders and injunctions of this Court.

37. Despite several requests, Defendants James A. Fink and Fink & Fink refused to provide an accounting of the Simpson judicial liens; the entire $12,000 in judicial liens was for payment of their legal fees with respect to a pre-petition state court action, Addendum 2.

13

38. The said Simpson judicial liens, Addendum 2, remained for several years and caused great and continuing harm to Hann personally and to the other real properties which were assets in the Exempt Hann Roth IRA and/or successors, causing several of its real property assets to be unsellable and to sit empty, and, inter alia, encounter significant waste and carrying expenses.

39. On 06/09/2015, Debtor Hann filed and served an Adversary Action No. 6:15-ap-01166 to recover property and money, served, inter alia, on the following parties: J Cedric Simpson, Kirk W Tabbey, Richard E Conlin, James A Fink, Fink & Valvo PLLC.

40. On 09/21/2015, Docket No. 16, the Court closed Hann's bankruptcy case; all property was abandoned by Trustee Anderson and returned to Hann.

41. Hann's case was later reopened on 05/30/2017, Docket No. 18, upon motion of the U.S. Trustee.

42. On 02/01/2018, Trustee Anderson filed a Report of No Distribution, and followed with a Status Report, Docket No. 66, on 2/8/2018.

43. On 04/11/2018, Debtor Hann's Chapter 7 case was again closed and discharged, the Exempt Hann Roth IRA and/or successors was abandoned to Debtor Hann, Docket No. 75, and all claims and/or debts as of the date for order of relief were permanently barred by the Court's discharge injunction, 11 U.S.C. Section 727(b).

44. On 04/11/2018, all pre-petition debts to Defendants Simpson et al. were again discharged, without right to collect, as of the 09/27/2014 date of petition for relief.

45. At some point, Defendants Simpson et al., through Defendants James A. Fink and Fink & Fink, had fraudulently extracted and liquidated their required $12,000 in value as a result of their unlawful judicial liens; their counsel, Defendants James A. Fink and Fink & Fink, have repeatedly refused to submit any accounting whatever of the proceeds, Addendum 2.

46. On 02/15/2019, Docket No. 85, the Court reopened Debtor Hann's Chapter 7 Bankruptcy case for filing of Judicial Lien Avoidance Motions.

47. On 03/13/2019, pursuant to the Local Rules, Debtor Hann properly served Defendants with a Lien Avoidance Motion, Docket No. 91, and a detailed Notice of Opportunity to be Heard, also filed by the Clerk with Docket No. 91.

48. Defendants-Creditors did not respond or file with respect to the Notice of Opportunity to be Heard; on 03/29/2019, Docket No. 98, Debtor Hann filed a Declaration that No Party Requested a Hearing.

49. On 07/03/2019, in Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 - Exhibit A, the Bankruptcy Court declared Defendant-Creditor Simpson's judicial liens, Addendum 2, void and unenforceable on Hann and on the Exempt Hann Roth IRA and/or successors, and ordered that any claims by Defendant-Creditor Simpson et al., up to $12,000, be filed as unsecured, nonpriority claims in this bankruptcy matter.

50. On 07/30/2019, Docket No. 108, this Court again closed Debtor Hann's Chapter 7 matter, and pursuant to 11 U.S.C. Section 727(b), discharged all prior claims and/or debts as of the date of petition for relief.

51. Neither Defendants Simpson et al., or Fink & Fink PLLC, nor any other Defendants, pursuant to this Court's 09/21/2015, 4/11/2018 and 07/30/2019 discharge injunctions, have done anything to cause the void judicial liens to be removed, or to file their claim(s) of up to $12,000 as unsecured, nonpriority claims with this Court.

52. After the maximum 35 days for appeal, Debtor Hann served the Certified Orders, Docket Nos. 100-101, Addendum 1 - Exhibit B, along with his Certified Amended Schedules and Certified Bankruptcy Docket, on Defendants Simpson et al.

53. On 08/29/2019, Debtor Hann served Defendants by E-mail, attaching his certified bankruptcy documents, and a letter demanding compliance with the Court's Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 - Exhibit A, but received no response whatever, Addendum 1 - Exhibit B.

54. Between September and November, 2019, Debtor Hann served additional E-mails and proofs of service of documents, demanding compliance, with no response, Addendum 1 - Exhibit B.

15

55. On 11/16/2019, Debtor Hann served Defendants a final, 2-page detailed demand letter of Debtor Hann's admonition of the truth of this proceeding, Addendum 1 – Exhibit B.  On 12/16/2019, Debtor Hann served a proceeding for contempt of this Court's determinations and orders on Defendants, Addendum 3.

56. There was no response, and there has never been even a hint of a response, from any Defendants, several of whom have become unjustly enriched from their taking from Hann and from the Exempt Hann Roth IRA and/or successors.


**COUNT I – INJUNCTIVE RELIEF SOUGHT AGAINST ALL DEFENDANTS**

57.  Hann incorporates Paragraphs 1 to 56 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction to invoke forthwith the following injunctions:

Enjoin Defendants from transferring or selling any of their own property or assets, other than transactions provable as normal course of business.

Enjoin Defendants from bringing any claims whatever of up to $12,000 anywhere but this Court as unsecured, non-priority claims.


**COUNT II – DECLARATORY RELIEF SOUGHT AGAINST ALL DEFENDANTS**

58.  Hann incorporates Paragraphs 1 to 57 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, to make the following declarations:

Declaration that the defense of discharge in bankruptcy, pursuant to 11 U.S.C. Sections 524; 727(b), is a self-executing, absolute, nonwaivable defense; there was no requirement that the fact of

bankruptcy protection be raised in state court.

Declaration that Defendants are culpable of contempt for this Court's orders, discharge injunctions and determinations, and have committed frauds upon this and the state Court by Officers of the Courts.

Declaration that debt to Defendants Simpson et al. of $12,000 in value was discharged, and uncollectible, as of the date of Hann's Chapter 7 petition for relief, 09/27/2014.

Declaration that, pursuant to Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit A, there were no Simpson judicial liens as of the filing of the petition for relief, and therefore no debt to collect from any pre-petition state court action.

Declaration that the state court matter against the Exempt Hann Roth IRA was void ab initio, because under Michigan law, Plaintiff Hann's Exempt Roth IRA is a non-entity that cannot be sued, MCR 2.201(C); MCL 600.2051, and is completely exempt from any levy or execution, MCL 600.6023(1)(j), and that Defendants unlawfully, maliciously and fraudulently converted Exempt Hann Roth IRA assets to their own use.

Declaration that Defendants unlawfully and fraudulently converted $12,000 of Hann's and of the Exempt Hann Roth IRA and/or successors assets to their own use.

Declaration that the Defendants turn over the $12,000 liquidated monies to Hann and to the Exempt Hann Roth IRA and/or successors, and that all Defendants comport with the Court's determinations for recovery of money under 11 U.S.C. Section 550.

Declaration that Adversary Plaintiff and Debtor Hann may further pursue purely state court claims, including but not limited to damages from violation of the Court's discharge injunctions, slander of title, unlawful conversion, intentional infliction of emotional distress and loss of quality of life in being denied rightful and available retirement funds and income, in any other forum with jurisdiction.

**COUNT III – DETERMINATION OF THE EXTENT, PRIORITY AND VALIDITY OF THE SIMPSON JUDICIAL LIENS DESCRIBED IN THIS COURT'S CERTIFIED ORDER ON AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS, DOCKET NOS. 100-101, ADDENDUM 1 – EXHIBIT A, SUCH THAT THE SIMPSON ET AL.'S JUDICIAL LIENS, ADDENDUM 2, WERE VOID AND THAT ALL INSTRUMENTS RECORDED AS PART OF, OR FLOWED FROM, THE SAID VOID LIENS WERE ALSO VOID; 11 U.S.C. SECTION 157(b)(2)(K).**

59.   Hann incorporates Paragraphs 1 to 58 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

60.   This Court has previously ordered that the Simpson judicial liens, pursuant to Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit A, are "void and unenforceable" as of the date of petition for relief on 09/27/2014, and that all claims by Defendants Simpson et al. be brought to this Court as unsecured, non-priority claims.

61.   As a result of the void and unenforceable Simpson judicial liens, Addendum 2, the $12,000 value taken by Defendants was therefore based on no debt because the liens were void as of the date of the petition for relief.

62.   Debtor Hann seeks the immediate voiding of Defendant's wrongful taking of the $12,000 in value, and its immediate return with interest and costs compounded monthly at 15%.

**COUNT IV – FOR CANCELLATION OF RECORDED INSTRUMENTS, INCLUDING THE**

**JUDICIAL LIENS FILED BY DEFENDANTS JAMES A. FINK AND FINK & FINK, ADDENDUM 2, ALONG WITH ANY OTHER INSTRUMENTS TRANSFERRING ANY MONETARY INTEREST OF HANN'S OR OF THE EXEMPT HANN ROTH IRA AND/OR SUCCESSORS TO ANYONE BUT THE EXEMPT HANN ROTH IRA AND/OR SUCCESSORS; 11 U.S.C. SECTION 157(b)(2)(F).**

63.   Hann incorporates Paragraphs 1 to 62 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

64.   As noted in the Fact Section, Paragraphs 26 to 56 above, and arguments herein, Defendants Simpson et al.'s judicial liens, Addendum 2, were void, and that anything that flowed from them was equally void.

65.   Debtor Hann respectfully requests that the Court cancel and deem void and unenforceable, all instruments with respect to the $12,000 value taken from Debtor Hann and from the Exempt Hann Roth IRA monies subsequent to the date of the petition for relief, 09/27/2014.

**COUNT V — FOR WRONGFUL $12,000 COLLECTION PROCEEDING BASED ON THE CERTIFIED ORDER ON AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS, DOCKET NOS. 100-101, ADDENDUM 1 — EXHIBIT A; THE SIMPSON JUDICIAL LIENS, ADDENDUM 2, BEING EXTINGUISHED BY THIS COURT AS OF THE DATE OF PETITION FOR RELIEF, 9/27/2014; 11 U.S.C. SECTION 157(b)(2)(E).**

66.   Hann incorporates Paragraphs 1 to 65 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record

and the facts stated herein, that:

67.  As noted in the Facts Section, Paragraphs 26 to 56 above, the Simpson judicial liens, Addendum 2, were deemed "void and unenforceable" by this Court's Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit A.

68.  Defendants James A. Fink and Fink & Fink could have checked the nationwide data bank on legal filings, which has often been done by other attorneys, and which capability all law firms have access to, but did not do so, and therefore proceeded at their, and their clients Simpson et al's, own peril.   Fink was immediately informed of Debtor Hann's discharge in this matter.

69.  At the time of Defendant's collecting the $12,000 value, there was no debt, and consequently, there was no claim.  Certified Order on Avoidance of Real Property Judicial Liens, Docket Nos. 100-101, Addendum 1 – Exhibit A.

> "Section 524 specifies that the discharge voids any preexisting judgment and case law holds that an act in violation of the discharge injunction is void. *In re Gurrola*, 328 B.R. at 171. **Since the existence of an obligation is necessary to creation of a lien.  [Any] assertion [of debt] is void under §524 and everything that flows therefrom is also void**" *Wagabaza*, supra.

70.  The subsequent state court judicial lien collections, Addendum 2, and all that flowed from them were therefore void.

71.  Hann therefore requests agreement of the parties, or a

20

determination by the Court, that Defendants Simpson et al's judicial liens, Addendum 2, and all the flowed from them, were void.

**COUNT VI - FOR DETERMINATION OF THE LIABILITY OF THE PARTIES UNDER 11 U.S.C. SECTION 550, AND FOR IMMEDIATE TURNOVER OF THE $12,000 IN MONIES UNJUSTLY ENRICHED BY EACH AND EVERY PARTY SO ENRICHED, PURSUANT TO 11 U.S.C. SECTION 157(b)(2)(E); 11 U.S.C. SECTION 550.**

72.   Hann incorporates Paragraphs 1 to 71 of this Complaint as though fully set forth herein.

73.   Because the Trustee abandoned the Exempt Hann Roth IRA to Debtor Hann as of the closing of the case, Hann demands turnover of the $12,000 value of Hann's and of the Exempt Hann Roth IRA and/or successor's monies, 11 U.S.C. Section 157(b)(2)(E), and turnover of the amounts determined as unjust enrichment under 11 U.S.C. Section 550 by a competently selected jury to Hann and to the Exempt Hann Roth IRA and/or successors, plus interest and costs compounded monthly at 15%, the rate Hann and his Exempt Hann Roth IRA have been earning investment returns.

**RELIEF REQUESTED**

74.   Adversary Plaintiff and 100% Disabled Retiree-Debtor Hann respectfully requests that:

21

a) Defendants return the $12,000 valuation taken made as a result of unlawful conversion of profits and/or income to its rightful owners, Hann and the Exempt Hann Roth IRA and/or successors, "Equity Trust Co. Custodian FBO Gary S. Hann IRA"; and

b) Defendants or the Court cancel all documents and instruments that flowed from the Simpson judicial liens; and

c) All parties serve any and all proceedings, pleadings and documents by receipted E-mail or through the Court's electronic filing system; and

d) Defendants submit to a jury trial for a determination of their lawful obligations under 11 U.S.C. Section 550 to Debtor Hann and to his Exempt Roth IRA, including but not limited to interest and costs at 15% compounded monthly, the rate at which Hann and his Exempt Hann Roth IRA have been earning from investments.

## PROOF OF SERVICE

Dated this 13th of January, 2021; Served today with Adversary Cover Sheet and Addenda 1 to 3 by U.S. Postal mail on the Clerk of the Court, Riverside.

_____
Gary S. Hann, INTERVENOR OF
RIGHT AND PLAINTIFF-DEBTOR

22



ADD.1-A

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on _July 8, 2019_ the attached reproduction(s), containing __3__ pages, is a full, true and correct copy of the complete document entitled: _ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER_

_11 U.S.C. SECTION 522(f) AND, IF APPLICABLE, FOR TURNOVER OF PERSONAL PROPERTY_

Case #: _6:14-bk-22067-MW_    Doc #: _100_

which includes: ☐ Exhibits  ☒ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 100
Los Angeles, CA 90012

☒ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☐ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 1415 State Street
Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
Clerk of Court

By: _____
Deputy Clerk

**THIS <u>CERTIFICATION</u> IS VALID ONLY WITH THE
UNITED STATES BANKRUPTCY COURT SEAL.**

*Revised August 2010*

| Chambers generated Order | FOR COURT USE ONLY |
|---|---|
| | **FILED & ENTERED**<br><br>JUL 03 2019<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY craig    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>RIVERSIDE</u> DIVISION**

| In re:<br><br>Gary S. Hann | CASE NUMBER: 6:14-bk-22067-MW<br>CHAPTER: 7 |
|---|---|
| | **ORDER ☒ GRANTING ☐ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) AND, IF APPLICABLE, FOR TURNOVER OF PERSONAL PROPERTY** |
| | [LBR 9013-1(o); Related to Docket No. **91**]<br><br>☒ No hearing held<br>☐ Hearing held<br><br>DATE:<br>TIME:<br>COURTROOM:<br>Debtor(s).    ADDRESS: |

**Creditor Holding Lien to be Avoided** (*name*): J. Cedric Simpson, Richard E. Conlin and Kirk Tabbey

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f) and LBR 9013-1(o), Debtor moved to avoid lien(s) on personal property claimed to be exempt, with respect to Creditor. The court finds and orders as follows:

1. ☐ Notice of this motion complied with LBR 9013-1(d).

2. ☒ Notice of this Motion complied with LBR 9013-1(o).

    a. ☒ There was no opposition and request for hearing.

    b. ☐ Hearing requested and held as indicated in the caption.

"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure.   "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 1    **F 4003-2.2.AVOID.LIEN.PP.ORDER**

3.  Motion is granted as set forth in the **Attachment** to this order.

4.  Motion is denied on the following grounds:   ☐ With Prejudice    ☐ Without Prejudice

    a.  ☐ Insufficient notice

    b.  ☐ Failure to comply with FRBP 7004(b)(3) and California Code of Civil Procedure § 416.10 for corporations

    c.  ☐ Failure to comply with FRBP 7004(h)

    d.  ☐ Insufficient evidence of the exempt status of the property in question

    e.  ☐ Other *(specify)*:

5.  ☐ The court further orders as follows (*specify*):

    ☐ See attached page

###

Date: July 3, 2019

Mark S. Wallace
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 2                              F 4003-2.2.AVOID.LIEN.PP.ORDER

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF NON-POSSESSORY, NONPURCHASE-MONEY LIENS, OR JUDICIAL LIENS, ON PERSONAL PROPERTY)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** J. Cedric Simpson, Richard E. Conlin and Kirk Tabbey.

2. **Subject Lien:** Date *(specify)*: February 1, 2012 and place *(specify)*: Washtenaw County, Michigan of lien (if applicable); Recording information (if applicable): Liber 4886, Page 38.

3. **Collateral description:** Debtor's Roth IRA, any and all personal or mixed property that the lien is encumbering.
   ☐ See attached page.

4. **Secured Claim Amount**
   a. Value of Collateral: .................................................................................. $6,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
      (1) First lien: ............................................. ($_____0.00)
      (2) Second lien: ......................................... ($_____0.00)
      (3) Third lien: ............................................ ($_____0.00)
      (4) Additional senior liens *(attach list)*: ...... ($_____0.00)
   c. Amount of Debtor's exemption(s): ............................. ($___6,000.00)
   d. Subtotal: ......................................................................... ($_____0.00)
   e. Secured Claim Amount (negative results should be listed as -$0-): $_____0.00
   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's Request to avoid Creditor's lien is granted as follows:

   a. ☐ The Subject Lien is a nonpossessory, non-purchase money security interest in one or more of the types of personal property listed in 11 U.S.C. § 522(f)(1)(B)(i), (ii), or (iii), and the fixing of that lien impairs Debtor's exemption(s).

   b. ☒ The Subject Lien is a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations), and the fixing of that lien impairs Debtor's exemption(s).

   c. The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

6. **Other provisions:**
   a. ☐ Turnover of the Collateral by Creditor is required under 11 U.S.C. §§ 542 or 543.
   b. ☐ The court further orders as follows *(specify)*:

   ☐ See attached page(s) for more liens/provisions.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 3                    **F 4003-2.2.AVOID.LIEN.PP.ORDER**



# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on _____ *July 8, 2019* _____ the attached reproduction(s), containing __*3*__ pages, is a full, true and correct copy of the complete document entitled: _ORDER GRANTING IN PART DEBTOR'S MOTION TO AVOID LIEN_

_UNDER 11 U.S.C. SECTION 522(f) (REAL PROPERTY)_

Case #: __*6:14-bk-22067-MW*__          Doc #: __*101*__

which includes:   ☐ Exhibits   ☒ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 100
    Los Angeles, CA  90012

☒ 3420 Twelfth Street, Suite 125
    Riverside, CA  92501-3819

☐ 411 West 4th Street, Suite 2074
    Santa Ana, CA  92701-4593

☐ 1415 State Street
    Santa Barbara, CA  93101-2511

☐ 21041 Burbank Boulevard
    Woodland Hills, CA  91367

**KATHLEEN J. CAMPBELL**
Clerk of Court

By: _____
              Deputy Clerk

## THIS <u>CERTIFICATION</u> IS VALID ONLY WITH THE UNITED STATES BANKRUPTCY COURT SEAL.

*Revised August 2010*

| **Chambers generated Order** | FOR COURT USE ONLY |
|---|---|
| | **FILED & ENTERED**<br><br>**JUL 03 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY craig    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>Gary S. Hann | CASE NUMBER:  6:14-bk-22067-MW<br><br>.CHAPTER:  7 |
|---|---|
| | **ORDER** ☒ **GRANTING *IN PART*** ☐ **DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)** |
| | [LBR 9013-1(o); Related to Docket No. 91]<br><br>☒  No hearing held<br>☐  Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| Debtor(s). | |

**Creditor Holding Lien to be Avoided** (*name*): **J. Cedric Simpson, Richard E. Conlin, and Kirk Tabbey**

The Motion was:    ☐  Opposed    ☒  Unopposed    ☐  Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐  Notice of this Motion complied with LBR 9013-1(d).

2. ☒  Notice of this Motion complied with LBR 9013-1(o).

    a. ☒  There was no opposition and request for hearing.

    b. ☐  Hearing requested and held as indicated in the caption.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. ☒ Motion granted as set forth in the **Attachment** to this order.

4. ☐ Motion denied on the following grounds:  ☐ with prejudice  ☐ without prejudice

   a. ☐ Insufficient notice

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☐ Insufficient evidence of fair market value.

   e. ☐ Motion is incomplete.

   f. ☐ Other (*specify*):

5. ☐ The court further orders as follows (*specify*):

   ☐ See attached page

###

Date: July 3, 2019

Mark S. Wallace
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                    Page 2                    F 4003-2.1.AVOID.LIEN.RP.ORDER

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1.  **Creditor Lienholder/Servicer:** <u>J. Cedric Simpson, Richard E. Conlin and Kirk Tabbey.</u>

2.  **Subject Lien:** Date (*specify*): <u>February 1, 2012</u> and place (*specify*): <u>Washtenaw County, Michigan</u> of recordation of lien; Recorder's instrument number or document recording number: <u>Liber 4886, Page 39, Washtenaw County, Michigan.</u>

3.  **Collateral:** Street address, legal description and/or map/book/page number, including county of recording: <u>Debtor's Roth IRA, any real property that the lien is encumbering.</u>   ☐ See attached page.

4.  **Secured Claim Amount**

    a. Value of Collateral: ........................................................................ <u>$6,000.00</u>

    b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):

        (1) First lien: ............................................... ($<u>     0.00</u>)

        (2) Second lien: ........................................... ($<u>     0.00</u>)

        (3) Third lien: .............................................. ($<u>     0.00</u>)

        (4) Additional senior liens (*attach list*): ................... ($<u>     0.00</u>)

    c. Amount of Debtor's exemption(s): .................................... ($<u>  6,000.00</u>)

    d. Subtotal: .................................................................................................... ($<u>  0.00</u>)

    e. Secured Claim Amount (negative results should be listed as -$0-): $<u>  0.00</u>

    Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid *pro rata* with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5.  **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

    ☐ See attached page(s) for more liens/provisions.

---

**This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.**

*December 2017*                          Page 3                          **F 4003-2.1.AVOID.LIEN.RP.ORDER**

Full Discharge of All Debts, Dismiss Cases & Discharge Liens ...

**Subject:** Full Discharge of All Debts, Dismiss Cases & Discharge Liens IMMEDIATELY! RECEIPT REQUESTED
**From:** gsh <yragnnah@gmail.com>
**Date:** 1/13/2015, 2:44 AM
**To:** John Barr <jbarr@barrlawfirm.com>, "James A. Fink" <jafink@finkvalvolaw.com>, Kenneth Butler <kbutler@butler-butler.com>

Counsel;

In re *Hann vs. Ypsilanti* (a file without jurisdiction), *Hann vs. Simpson* (a fraudulent file), and *University of Michigan Credit Union vs. Hann* (a file without jurisdiction):

Attached is the Discharge of all debts, received a few hours ago from the United States Bankruptcy Court, Central District of California,.

Dismiss any and all legal proceedings today, January 13, 2015, please, no matter how bogus and/or illegal they were, sending me copies of the proposed Orders to Dismiss, and then the conformed Orders to Dismiss.

Remove ALL liens today, please, sending me copies of the proposed Discharges of Liens, and then the conformed and recorded Discharges of Liens.

Should you be "too busy" to do these mandatory tasks, I will forthwith contact the Attorney Grievance Commission and have them initiate proceedings.

--
Gary Hann 734-480-4140

─ Attachments ─

BNC00001.PDF                                                                  45.3 KB



1 of 1                                                                  12/14/2019, 11:25 AM

**Subject:** Discharge Lien
**From:** gsh <yragnnah@gmail.com>
**Date:** 2/29/2016, 6:58 AM
**To:** "James A. Fink" <jafink@finkvalvolaw.com>

Mr. Fink;

   Please discharge your Judgment Lien immediately, fraudulently obtained, pursuant to my BK Discharge attached.

   A lien against an IRA is illegal, as you well know.

   Should you not do this, there will be substantial damages accruing.
--
Gary Hann 734-480-4140

─ Attachments: ──────────────────────────────────

BNC00001.PDF                                                               45.3 KB

**Subject:** Liens Voided & Removed by Federal Judge
**From:** gsh <yragnnah@gmail.com>
**Date:** 8/14/2019, 10:12 PM
**To:** Karl Fink <Karl.Fink@finkandfink.com>, "James A. Fink" <James.Fink@finkandfink.com>

Messrs. Fink;

Please be advised of the attached Federal Judge's order removing your liens sb initio on my IRA, which you have admitted is an Individual Retirement Account.

In follow-up E-mails, I will attach Certified copies of my Amended Bankruptcy Schedules, and the Bankruptcy case Docket Report, showing all debt to Brickhaven Condominium Association was discharged, as was all purported debt to Simpson, Conlin and Tabbey.

As previously indicated, I will now be going to the federal courts and other tribunals to enforce and seek the significant damages you have caused my 100% disabled retirement.

**Gary Hann** 734-480-4140


On 5/23/2016 11:49 AM, Karl Fink wrote:

I think you can give him the payoff.
He is a party to the case and the beneficiary of the IRA and the judgment is a matter of public record.

Karl V. Fink
Fink & Fink, PLLC
320 N. Main St., Ste 300
Ann Arbor, MI 48104
734-994-1077
734-994-3737 (fax)
karl.fink@finkandfink.com


NOTICE

The information contained in this message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Please contact us at the above telephone number if there are any problems with transmission.

---

**From:** James A. Fink
**Sent:** Monday, May 23, 2016 2:47 PM
**To:** 'gsh'
**Subject:** RE: Judgment lien - SLANDER OF TITLE - LAWSUIT PENDING - FINK LAWLESS LAW FIRM

Sir,

I am attempting to have someone at Equity Trust authorize me to give you a payoff amount.

Case 6:21-ap-01009-MW    Doc 1    Filed 01/15/21    Entered 01/15/21 16:15:55    Desc
Main Document    Page 34 of 46

Liens Voided & Removed by Federal Judge    file:///C:/Users/gsh3/Documents/Word/Legal Actions/Califo...

telephone.
Please
contact
us
at
the
above
telephone
number
if
there
are
any
problems
with
transmission.

─ Attachments: ─

| | |
|---|---|
| Certified Order - Docket 102 - Brickhaven - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 100 - Simpson - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 101 - Simpson - 2019-07-03.pdf | 1.5 MB |

12/14/2019, 12:32 PM

Demand for Compliance with Federal Bankruptcy Judge's Cert...    file:///C:/Users/gsh3/Documents/Word/Legal Actions/Califo...

**Subject:** Demand for Compliance with Federal Bankruptcy Judge's Certified Orders
**From:** gsh <yragnnah@gmail.com>
**Date:** 8/29/2019, 9:26 AM
**To:** Karl Fink <Karl.Fink@finkandfink.com>, "James A. Fink" <James.Fink@finkandfink.com>,
Laura Goderis <goderisl@washtenaw.org>, Stuart Collis <scollis@collisandgriffor.com>,
"Francis P. Sakaya & Babalao Investors LLC" <babalacinvestors@gmail.com>, Brickhaven
Condominium Association c/o Old Town Realty <oldtown.a2@gmail.com>, gsh <yragnnah@gmail.com>

To All;

This is a demand to comply with the attached orders of the Central District of California
Bankruptcy Court, entered July 3, 2019.

Please forward immediately to my Roth Individual Retirement Account, Equity Trust Co. Custodian
FBO Gary S. Hann IRA, the properties or their current cash value, rents plus compounded interest
since my bankruptcy filing on September 27, 2014, plus all my costs.

Previous demands have been made and ignored, it might be wise to comply expeditiously with
the federal judge.

--
**Gary Hann 734-480-4140**

┌─ Attachments: ─────────────────────────────────────────────────────────

| Certified Order - Docket 102 - Brickhaven - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 103 - Sakaya - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 100 - Simpson - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 101 - Simpson - 2019-07-03.pdf | 1.5 MB |

**Subject:** Re: Demand for Compliance with Federal Bankruptcy Judge's Certified Orders
**From:** GSH <yragnnah@gmail.com>
**Date:** 9/20/2019, 11:19 AM
**To:** James Fink <james.fink@finkandfink.com>

Mr. James Fink for Cedric Simpson, Richard Conlin & Kirk Tabbey;

Again, Mr. Fink, I believe that you've misunderstood the Federal Court's Order.

Your clients and possibly you, do have my property, including but not limited to a judgment against Sylvia Wright, and also monies collected.

It removed your client's liens as of the date of filing, September 27, 2014.  No collections after that point in time are lawful; any claims must be filed as unsecured, nonpriority claims on my Bankruptcy Estate.

I respectfully urge full, immediate compliance.  Should that not occur, you and your clients leave me no choice but to prepare and file a Motion for Order to Show Cause as to why all of you should not be held in contempt of the federal judge's clear and unambiguous order.  I would expect to do that in 10 days, by October 1, to allow you and your clients one more opportunity to comply in full.

**Gary Hann 734-480-4140**


On 8/30/2019 12:59 PM, gsh wrote:

> Thank you for responding Mr. Fink; regrettably, you've repeatedly refused in the past to submit an accounting.
>
> Yours and all liens were removed as of September 27, 2014, pursuant to the discharge order, and as the July 3, 2019 order clearly says, you must submit your claims as unsecured, non-priority claims from that date forward.
>
> Please be advised that I will be pursuing this to the extent permitted by federal law, including but not limited to, a complaint for the substantial damages which your lien committed on or after September 27, 2014.  All of this will be simultaneously submitted to the Attorney Grievance Commission and the Judicial Tenure Commission.
>
> As you're undoubtedly aware, no levy or execution is permitted under dispositive Michigan law:
>
> In *Cunningham et al. v. Herr*, 198 Mich.App. 258 (1993), the Michigan Court of Appeals permitted

Ms. Cunningham to represent herself in that Court, and ruled that IRAs are completely exempt from any process and/or judgment, consistent with the dispositive Michigan Law, MCL 600.6023(1)(j).

The parties subject to the Bankruptcy Court's Order have repeatedly sued the Hann Roth IRA, which by statute cannot be sued and is exempt from any execution.  MCL 600.2051; MCL 600.6023(1)(j); MCR 2.201(C); **_Cunningham et al. v. Herr_**, 198 Mich.App. 258 (1993).  No Michigan court has any lawful authority whatever to execute on Hann's Roth IRA Trust.  As the **_Cunningham_** Court clearly said:  **_"We conclude that the trial court correctly held that Ms. Herr's remaining interest in the [IRA] was exempt from execution. Concerns about the wisdom of this rule should be directed to Congress rather than to this Court."_**

**Debtor Hann filed for Chapter 7 Bankruptcy on September 27, 2014, in Case No. 14-bk-22067-MW, received a discharge as a no-asset case on January 12, 2015, Docket No. 12, and the case was closed on September 21, 2015, Docket No. 16.  The Hann Roth IRA was deemed fully exempt by the Trustee, not once, but twice.**

**Gary Hann 734-480-4140**

On 8/30/2019 12:30 PM, James Fink wrote:

Mr. Hann,
The judgment against you in favor of Judges Simpson, Tabbey and Conlin has been satisfied.
Consequently, the lien was discharged.
Neither my former clients nor I have any of your property.

James A. Fink
Fink & Fink, PLLC
320 N. Main St., Ste. 300

Re: Demand Compliance with Federal Bankruptcy Judge's Ce... Case 6:21-ap-01009-MW Doc 1 Filed 01/15/21 Entered 01/15/21 16:15:55 Desc
imap://imap.gmail.com:993/fetch>UID>/[Gmail]/Bankruptcy...
Main Document Page 38 of 46

Ann Arbor, MI 48104
734-994-1077
734-994-3737 (fax)

NOTICE

The information contained in this message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Please contact us at the above telephone number if there are any problems with transmission.

**From:** gsh <yragnnah@gmail.com>
**Sent:** Thursday, August 29, 2019 12:26 PM
**To:** Karl Fink <karl.fink@finkandfink.com>; James Fink <james.fink@finkandfink.com>; Laura Goderis <goderisl@washtenaw.org>; Stuart Collis <scollis@collisandgriffor.com>; Francis P. Sakaya & Babalao Investors LLC <babalaoinvestors@gmail.com>; Brickhaven Condominium Association c/o Old Town Realty <oldtown.a2@gmail.com>; gsh <yragnnah@gmail.com>
**Subject:** Demand for Compliance with Federal Bankruptcy Judge's Certified Orders
**Importance:** High

To All;

This is a demand to comply with the attached orders of the Central District of California Bankruptcy Court, entered July 3, 2019.

Please forward immediately to my Roth Individual Retirement Account, Equity Trust Co. Custodian FBO Gary S. Hann IRA, the properties or their current cash value, rents plus compounded interest since my bankruptcy filing on September 27, 2014, plus all my costs.

Previous demands have been made and ignored, it might be wise to comply expeditiously with the federal judge.

--
**Gary Hann 734-480-4140**

---

Attachments:

| | |
|---|---|
| Certified Order - Docket 100 - Simpson - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 101 - Simpson - 2019-07-03.pdf | 1.5 MB |

12/14/2019, 12:36 PM

For use by Register of Deeds



L: 5028 P: 231   6194797   LN
04/01/2014 03:38 PM   Total Pages: 1
Lawrence Kestenbaum, Washtenaw Co

 

| | | |
|---|---|---|
| | Original - Register of deeds | 3rd copy - Judgment debtor |
| | 1st copy - Court | 4th copy - Return of service |
| Approved, SCAO | 2nd copy - Judgment creditor | |

| STATE OF MICHIGAN<br>14TH JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | NOTICE OF JUDGMENT LIEN | CASE NO.<br>DC2-11-1753GC |
|---|---|---|
| Court   address 4133 WASHTENAW RD, ANN ARBOR, MI 48107 | | Court telephone   no. |

| Plaintiff name<br>**UNIVERSITY OF MICHIGAN CREDIT UNION** | v | Defendant name<br>**GARY HANN** |
|---|---|---|
| Judgment creditor's name and address<br>**UNIVERSITY OF MICHIGAN CREDIT UNION<br>P.O. BOX 7850<br>ANN ARBOR, MI 48107** | | Judgment debtor's name and address<br>**GARY HANN<br>110 BELL ST.<br>YPSILANTI, MI 48197** |
| | | Last 4 digits of social security no. or full tax identification no.<br>**6217** |
| Judgment creditor's attorney, bar no., address, and telephone no.<br><br>**Kenneth C. Butler II, P-28477<br>24525 Harper Ave.<br>St. Clair Shores, MI 48080<br><br>586-777-0770** | | Judgment debtor's attorney, bar no., address, and telephone no. |

1. I am recording a judgment lien with the register of deeds in _____ Washtenaw _____ County against the judgment debtor's current or future interest in real property.
2. The current balance due on the judgment is $____ 19,093.42
3. The judgment was entered on _____ December 17, 2013 _____ and expires _____ December 17, 2023
4. Except as otherwise prescribed by statute, this judgment lien expires 5 years after the date it is recorded with the register of deeds or when the underlying judgment expires, whichever is earlier.

**February 18, 2014**
Date

Signature of judgment creditor/judgment creditor's attorney

This document must be sealed by the seal of the court.    **CERTIFICATION**

I certify that the above notice of judgment lien has been filed and includes the information required by MCL 600.2805(1).

3/21/14
Date                    Clerk of the Court:    Lora Savoie

Signed by:    Lora Savoie
              Clerk/Deputy clerk

When recorded, return to _____

MC 94  (3/05)  **NOTICE OF JUDGMENT LIEN**

Washtenaw County Register of Deeds
Submitted for Recording
4/1/2014, 11:00:00 AM

MCL 600.2805

For use by Register of Deeds

L: 4886 P: 39   6052574   LN
02/01/2012 03:13 PM   Total Pages: 1
Laurence Kestenbaum, Washtenaw Co



| Approved, SCAO | Original - Register of deeds<br>1st copy - Court<br>2nd copy - Judgment creditor | 3rd copy - Judgment debtor<br>4th copy - Return of service |
|---|---|---|

| STATE OF MICHIGAN<br>14A-2 **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT** | **NOTICE OF JUDGMENT LIEN** | **CASE NO.**<br>DC2-11-724-GC<br>Hon. Terrence P. Bronson |
|---|---|---|

| Court address<br>415 W. Michigan Ave. Ypsilanti, MI 48197 | Court telephone no.<br>(734) 484-6690 |
|---|---|

| Plaintiff name<br>Equity Trust Co. Custodian FBO Gary S. Hann IRA | v | Defendant name<br>J. Cedric Simpson, Richard E. Conlin, Kirk W. Tabbey |
|---|---|---|

| Judgment creditor's name and address<br>J. Cedric Simpson, Richard E. Conlin, Kirk W. Tabbey | Judgment debtor's name and address<br>Equity Trust Co. Custodian FBO Gary S. Hann IRA<br>P.O. Box 7013 Ann Arbor, MI 48107-7013 |
|---|---|
| | Last 4 digits of social security no. or full tax identification no.<br>6217 |
| Judgment creditor's attorney, bar no., address, and telephone no.<br>James A. Fink (P40386)<br>320 North Main Street, Suite 410<br>Ann Arbor, MI 48104<br>734-994-1077 | Judgment debtor's attorney, bar no., address, and telephone no.<br>Gary S. Hann<br>In Pro Per Plaintiff<br>P.O. Box 7013<br>Ann Arbor, MI 48107-7013<br>734-480-4140 |

1. I am recording a judgment lien with the register of deeds in __Washtenaw__ County against the judgment debtor's current or future interest in real property.
2. The current balance due on the judgment is $ $3,197.63
3. The judgment was entered on __08/25/2011__ and expires __08/25/2021__
4. Except as otherwise prescribed by statute, this judgment lien expires 5 years after the date it is recorded with the register of deeds or when the underlying judgment expires, whichever is earlier.

__1/23/12__
Date

Signature of judgment creditor/judgment creditor's attorney

This document must be sealed by the seal of the court.   **CERTIFICATION**

I certify that the above notice of judgment lien has been filed and includes the information required by MCL 600.2805(1).

Clerk of the Court:   TONYA REID

__1/25/12__
Date

Signed by:   Tonya Reid
Clerk/Deputy clerk

When recorded, return to _____ James A. Fink _____

Time Submitted for Recording
Date 2-1 20 12 Time 3:11pm.
Lawrence Kestenbaum
Washtenaw County Clerk/Register

MC 94 (3/06) **NOTICE OF JUDGMENT LIEN**                    MCL 600.2805

**ADD.3**                          *CLERK/FILE COPY*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 711, Cathedral City, CA 92235-0711

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE BY APPEARING AND FILING WRITTEN EXPLANATION AS TO WHY RESPONDENTS SHOULD NOT BE HELD IN CIVIL CONTEMPT OF THIS COURT'S AUTOMATIC STAY, DISCHARGE INJUNCTION AND ORDERS and EXHIBITS A - B, NOTICE OF MOTION, NOTICE OF LODGMENT OF PROPOSED ORDER, AND THIS POS. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/16/2019 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   SEE ATTACHED LIST.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/16/2019 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NON-PARTIES PERSONALLY SERVED BY GARY S. HANN ON 12/16/2019: SEE ATTACHED LIST.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/16/2019 | Edwin J. Jaufmann, Jr. | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                          **F 9013-3.1.PROOF.SERVICE**

IN RE HANN - 6:14-bk-22067-MW

## ATTACHMENT TO PROOF OF SERVICE: PARTIES SERVED PURSUANT TO FRBP 7004 AND NON-PARTIES PERSONALLY SERVED

## PARTIES SERVED BY FIRST CLASS U.S. POSTAL MAIL:

CREDITORS WHOSE DEBTS WERE DISCHARGED AND WHOSE JUDICIAL LIENS VALUED AT $12,000 WERE DECLARED VOID AND UNENFORCEABLE

J. Cedric Simpson in his Personal Capacity, 734-973-4880
14-A1 District Court
4133 Washtenaw Avenue, P.O Box 8645
Ann Arbor, MI 48107-8645

Kirk W. Tabbey in his Personal Capacity, 734-484-6690
14A-2 District Court
415 W Michigan Avenue
Ypsilanti, MI 48197

Richard E. Conlin in his Personal Capacity, 734-475-8606
14A-3 District Court
122 S Main Street
Chelsea, MI 48118

ATTORNEY FOR THE THREE JUDGES IN THIS MATTER FROM 2011 TO PRESENT

James A. Fink
Fink & Fink PLLC,
Resident Agent: James A. Fink
320 North Main Street, Suite 300
Ann Arbor, MI 48104

## NON-PARTIES PERSONALLY SERVED BY GARY S. HANN ON 12/16/2019:

United States Trustee
United States Department of Justice
Office of the United States Trustee
3801 University Avenue, Suite 720
Riverside, CA 92501

Clerk
United States Bankruptcy Court

1

Central District of California
3420 Twelfth Street
Riverside, CA 92501


PRESIDING JUDGE'S COPY - DELIVERED 12/16/2019
Chambers of Hon. Mark S. Wallace
United States Bankruptcy Court, Central District of California
3420 Twelfth Street, 2ND Floor
Riverside, CA 92501

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| GARY S. HANN | J. CEDRIC SIMPSON et al. (DEFENDANT MAILING LIST ATTACHED) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| PRO SE | FINK + FINK, PLLC, 320 N. MAIN ST., ANN ARBOR, MI 48104-734-994-1677 |
| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
| ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor   ☐ Other | ☒ Creditor   ☐ Other |
| ☐ Trustee | ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
FRBP 7001 (1,2,7,9); 11 U.S.C. SECTIONS 157, 362, 524, 542, 550, 727(b):
VIOLATION OF DISCHARGE INJUNCTION, TURNOVER OF MONEY, DECLA-
TORY AND INJUNCTIVE RELIEF FOR DETERMINATION AND CANCELLATION
OF WRONGFUL INSTRUMENTS, RELIEF FROM WRONGFUL TAKINGS.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property – §542 turnover of property
- ☐ 12-Recovery of money/property – §547 preference
- ☐ 13-Recovery of money/property – §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ $13,000 COMPOUNDED |
| Other Relief Sought  DECLARATION THAT PLAINTIFF-DEBTOR HANN MAY ASSERT STATE-COURT CLAIMS IN ANY APPROPRIATE JURISDICTION. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *GARY S. HANN* | BANKRUPTCY CASE NO. *6:14-GL-22067-MW* | |
| DISTRICT IN WHICH CASE IS PENDING *CENTRAL DISTRICT OF CALIFORNIA* | DIVISION OFFICE *RIVERSIDE* | NAME OF JUDGE *WALLACE* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE *01/13/2021* | PRINT NAME OF ~~ATTORNEY~~ (OR PLAINTIFF) *GARY S. HANN* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN RE HANN - 6:14-bk-22067-MW

HANN v. SIMPSON ET AL. - ADVERSARY NO. _____


CREDITORS WHOSE DEBTS WERE DISCHARGED AND WHOSE JUDICIAL LIENS
VALUED AT $12,000 WERE DECLARED VOID AND UNENFORCEABLE, AND WHO
FRAUDULENTLY AND MALICIOUSLY COLLECTED IN VIOLATION OF THE
DISCHARGE INJUNCTION
J. Cedric Simpson as an individual, 734-973-4880
14-A1 District Court
4133 Washtenaw Avenue, P.O Box 8645
Ann Arbor, MI 48107-8645

Kirk W. Tabbey as an individual, 734-484-6690
14A-2 District Court
415 W Michigan Avenue
Ypsilanti, MI 48197

Richard E. Conlin as an individual, 734-475-8606
14A-3 District Court
122 S Main Street
Chelsea, MI 48118


ATTORNEY FOR THE THREE CREDITORS IN THIS MATTER FROM 2011 TO
PRESENT, WHO FRAUDULENTLY AND MALICIOUSLY COLLECTED IN VIOLATION
OF THE DISCHARGE INJUNCTION
James A. Fink
Fink & Fink PLLC,
320 North Main Street, Suite 300
Ann Arbor, MI 48104; 734-994-1077


ATTORNEY FIRM FOR THE THREE CREDITORS IN THIS MATTER FROM 2011
TO PRESENT, WHO FRAUDULENTLY AND MALICIOUSLY COLLECTED IN
VIOLATION OF THE DISCHARGE INJUNCTION
Fink & Fink, PLLC
Resident Agent: James A. Fink
320 North Main Street, Suite 300
Ann Arbor, MI 48104; 734-994-1077